[No. 18183. Department Two. December 27, 1923.]

# W. H. LEE, *Respondent*, v. INDEPENDENT DAIRY, *Appellant*.[1]

MUNICIPAL CORPORATIONS (384, 390)—USE OF STREETS—VIOLATION OF ORDINANCE—PROXIMATE CAUSE—QUESTION FOR JURY. The driver of a truck is guilty of negligence in backing the truck and running over a child, without complying with a traffic ordinance requiring, before backing, a warning of a short blast followed by a long blast of the signal device, and unceasing vigilance while backing so as not to injure those behind.

SAME (392)—DRIVER OF VEHICLE—NEGLIGENCE—INJURY TO CHILD—DEGREE OF CARE—INSTRUCTIONS. Where a three-year-old child was killed by the backing of a truck without the giving of the warning required by law, it is proper to instruct that a child in the public street is not a trespasser, and that the driver of a vehicle is bound to anticipate the presence of children, and is not justified in assuming that a young child will manifest the judgment and care of an experienced man.

Appeal from a judgment of the superior court for King county, Blake, J., entered May 18, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*Van Dyke & Thomas*, for appellant.
*Wright, Kelleher, Allen & Hilen*, for respondent.

MITCHELL, J.—A three-year-old son of W. H. Lee, the plaintiff, was killed on a street in Seattle by an automobile truck operated by a driver in the employment of the defendant in the delivery of milk. The pleadings consisted of the complaint and an answer containing general denials. No affirmative defense was alleged. From a judgment in favor of the plaintiff upon the verdict of the jury, the defendant has appealed.

[1]Reported in 221 Pac. 309.

The truck was an ordinary open one ton truck. The accident happened about noon. The driver had stopped the truck, facing north on the west side of a street in front of a residence some thirty feet north of a street crossing, to deliver milk to a customer. A number of children, estimated by the different witnesses at two to five, were playing upon the lots, sidewalk and parking strip around or near the truck. After delivering the milk, the driver hurried back to the truck, and claiming he looked under and around it and seeing no children other than two small boys, not including the one later injured, on the sidewalk or parking strip near the truck, put an empty milk bottle in a rack in the body of the truck, yelled "look out", stepped into the seat from the left of the car and started backing it towards the street intersection, without any blast of the signal device and without any observation, as he was backing the car, to avoid injuring any one behind the truck, when, after backing a short but appreciable distance, two small boys in the parking strip yelled, at which moment he became aware that he had backed his truck upon another boy, respondent's son, crushing his body with the left hind wheel of the truck, thereby causing injuries from which the child died a few hours later. There was an unobstructed view of the premises in the vicinity of the scene of the accident.

By appropriate motions while the jury was on hand, by a motion for judgment notwithstanding the verdict and one for a new trial, the appellant has questioned the sufficiency of the evidence to justify the verdict. Section 62 of the traffic ordinance of the city, in evidence, provided: "Before backing, warning shall be given by a short blast followed by a long blast of the signal device, and while backing unceasing vigilance must be exercised so as not to injure those behind."

There is not a semblance of testimony that either of these important provisions of the ordinance was complied with, and therefore the question of whether or not the negligence of the defendant was the proximate cause of the injury was clearly one to be decided by the jury. The order of the driver as he hurriedly took his seat in the truck to "look out" was commendable, but the positive requirement of the written law was that he give a short blast followed by a long blast of the signal device, and, still further, the driver persisted in his negligence by ignoring the other positive requirement of the ordinance by backing his car without any vigilance whatever to avoid injury to one behind the car.

All other assignments of error presented by the appellant relate to instructions given or refused. One that was given we notice in particular because of the insistence of counsel for the appellant that it was erroneous. It was as follows:

"That a child in the public street is not a trespasser. His right there is as sacred as his adult neighbor or the owner of the automobile. True, he is charged with the duty of exercising such care for his safety as a child of his years, experience and capacity may fairly be presumed to possess, but the driver of a vehicle of any kind is no less bound to anticipate the presence of children upon the public highway, and to exercise reasonable diligence to avoid injuring them. In so doing, he is not justified in assuming that a young child will manifest the judgment and prudence of an experienced man, and must govern his own conduct with some reasonable degree of respect of that fact."

Under the pleadings and facts and circumstances in this case, we are satisfied that, upon principle and in all good reason, the instruction was a proper one. It is supported by well reasoned cases such as *Long v.*

*Ottumwa R. & L. Co.,* 162 Iowa 11, 142 N. W. 1008; and *Dowd v. Tighe,* 209 Mass. 464, 95 N. E. 853.

Other instructions discussed in the briefs include several that were given and twenty-three that were requested by the appellant and refused by the court. We find it not necessary to analyze and discuss them separately. The instructions that were given were comprehensive and, in our opinion, defined the law applicable to the case with fairness to both parties; while those that were refused consisted in part of duplications of what in effect was given, else they were not correct expositions of the law applicable to this case.

Affirmed.

MAIN, C. J., BRIDGES, and PEMBERTON, JJ., concur.